UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOWN OF WAPPINGER, NY, on behalf of itself and all others similarly situated.<br><br>v.<br><br>VERIZON COMMUNICATIONS INC., VERIZON NEW YORK, INC., MCIMETRO ACCESS TRANSMISSION SERVICES LLC, MCI COMMUNICATIONS SERVICES LLC dba VERIZON BUSINESS SERVICES, METROPOLITAN FIBER SYSTEMS OF NEW YORK, INC., XO COMMUNICATIONS SERVICES, LLC; AMERICAN TELEPHONE AND TELEGRAPH COMPANY, AT&T ENTERPRISES, LLC, AT&T COMMUNICATIONS OF NEW YORK, INC., SBC LONG DISTANCE, LLC, TC SYSTEMS, INC.; FRONTIER TELEPHONE OF ROCHESTER, INC., FRONTIER COMMUNICATIONS OF SENECA-GORHAM, INC., OGDEN TELEPHONE COMPANY, FRONTIER COMMUNICATIONS OF SYLVAN LAKE, INC., FRONTIER COMMUNICATIONS OF AUSABLE VALLEY, INC., CITIZENS TELECOMMUNICATIONS COMPANY OF NEW YORK, INC., FRONTIER COMMUNICATIONS OF AMERICA, INC., FRONTIER COMMUNICATIONS OF NEW YORK, INC., FRONTIER COMMUNICATIONS OF ROCHESTER, INC.; CHAUTAUQUA & ERIE COMMUNICATIONS, INC dba CHAUTAUQUA & ERIE TELEPHONE CORPORATION; CONSOLIDATED COMMUNICATIONS OF NEW YORK COMPANY dba TACONIC TELEPHONE CORPORATION; WINDSTREAM NEW YORK, INC.; ONTARIO & TRUMANSBURG TELEPHONE COMPANIES dba TRUMANSBURG TELEPHONE COMPANY, INC.; DFT COMMUNICATIONS CORPORATION dba DUNKIRK AND FREDONIA TELEPHONE COMPANY; and DOE DEFENDANTS 1-20 | Civil Action No.: |

1

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1442, and 1446, Defendants SBC Long Distance, LLC, TC Systems, Inc., AT&T Enterprises, LLC, and AT&T Communications of New York, Inc. (the "AT&T Defendants"), Metropolitan Fiber Systems of New York, Inc., Verizon Communications Inc., XO Communications Services, LLC, MCI Communications Services LLC, Verizon New York, Inc., and MCIMetro Access Transmission Services LLC (the "Verizon Defendants"), Chautauqua and Erie Telephone Corporation and Taconic Telephone Corp. (the "Consolidated Defendants"), and Windstream New York, Inc. ("Windstream," and, together with the AT&T Defendants, the Verizon Defendants, and the Consolidated Defendants, "Removing Defendants") give notice of the removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. As grounds for removal, the Removing Defendants state as follows:

## BACKGROUND

1.  Plaintiff Town of Wappinger, NY filed its Class Action Complaint in the Supreme Court of the State of New York, County of New York. *See* Ex. A. Defendants SBC Long Distance, LLC, TC Systems, Inc., Metropolitan Fiber Systems of New York, Inc., Verizon Communications Inc., XO Communications Services, LLC, and MCI Communications Services LLC were each served on November 18, 2024. Defendant AT&T Enterprises, LLC was served on November 21, 2024. Plaintiff names Chautauqua & Erie Communications, Inc dba Chautauqua & Erie Telephone Corporation as a defendant. That entity is not correct. Chautauqua & Erie Communications, Inc. operates as a long-distance provider separate and apart from Chautauqua and Erie Telephone Corporation, which is the incumbent local exchange telecommunication company. Chautauqua and Erie Telephone Corporation was served on November 22, 2024. Defendants Verizon New York, Inc. and MCIMetro Access Transmission Services LLC were each served on November 22,

2

2024. Defendant Windstream New York, Inc. was served on December 5, 2024. Plaintiff names Consolidated Communications of New York Company LLC as a defendant. Consolidated Communications of New York Company currently is not an operating company. Taconic Telephone Corp. has not been served. Defendant AT&T Communications of New York, Inc. has not been served.

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days after the Removing Defendants were served with the Class Action Complaint.

3. Plaintiff alleges that it is a town located in Dutchess County, New York and is organized under the laws of the State of New York. Compl. ¶ 31. Plaintiff is therefore a citizen of New York under 28 U.S.C. § 1332. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972).

4. Defendant Metropolitan Fiber Systems of New York, Inc. is a Delaware corporation with its principal place of business in the State of New Jersey and is therefore a citizen of both Delaware and New Jersey under 28 U.S.C. § 1332(c)(1).

5. Defendant Verizon Communications Inc. is a Delaware corporation with its principal place of business in the State of New York and is therefore a citizen of both Delaware and New York under 28 U.S.C. § 1332(c)(1).

6. Defendant XO Communications Services, LLC is a Delaware limited liability company with its principal place of business in the State of New Jersey and is therefore a citizen of both Delaware and New Jersey under 28 U.S.C. § 1332(d)(10).

7. Defendant MCI Communications Services LLC is a Delaware limited liability company with its principal place of business in the State of New Jersey and is therefore a citizen of both Delaware and New Jersey under 28 U.S.C. § 1332(d)(10).

8. Defendant Verizon New York, Inc. is a New York corporation with its principal place of business in the State of New York and is therefore a citizen of New York under 28 U.S.C. § 1332(c)(1).

9. Defendant MCIMetro Access Transmission Services LLC is a Delaware limited liability company with its principal place of business in the State of New Jersey and is therefore a citizen of both Delaware and New Jersey under 28 U.S.C. § 1332(d)(10).

10. Defendant SBC Long Distance, LLC is a Delaware limited liability company with its principal place of business in the State of Texas and is therefore a citizen of both Delaware and Texas under 28 U.S.C. § 1332(d)(10).

11. Defendant TC Systems, Inc. is a Delaware corporation with its principal place of business in the State of New Jersey and is therefore a citizen of both Delaware and New Jersey under 28 U.S.C. § 1332(c)(1).

12. Defendant AT&T Enterprises, LLC is a Delaware limited liability company with its principal place of business in the State of Texas and is therefore a citizen of both Delaware and Texas under 28 U.S.C. § 1332(d)(10).

13. Defendant AT&T Communications of New York, Inc. is a New York corporation with its principal place of business in the State of Texas and is therefore a citizen of both New York and Texas under 28 U.S.C. § 1332(c)(1).

14. Plaintiff names American Telephone & Telegraph Company as a defendant. That entity ceased to exist in 1994, when it was renamed AT&T Corp. As part of a long-planned restructuring, AT&T Corp. merged with and into AT&T Enterprises, Inc., which was subsequently converted into defendant AT&T Enterprises, LLC.

15. Defendant Chautauqua and Erie Telephone Corporation is a New York corporation with its principal place of business in the State of New York and is therefore a citizen of New York under 28 U.S.C. § 1332(c)(1).

16. Defendant Taconic Telephone Corp. is a New York corporation with its principal place of business in the State of New York and is therefore a citizen of New York under 28 U.S.C. § 1332(c)(1).

17. Defendant Windstream New York, Inc. is a New York corporation with its principal place of business in the State of Arkansas and is therefore a citizen of both New York and Arkansas under 28 U.S.C. § 1332(c)(1).

18. Plaintiff alleges that Defendants (1) "owned, operated, and managed" a "sprawling network of cables covered in toxic lead, on poles overhead, in the soil, in buildings, and under water" in New York State, and (2) "abandoned many of the old lead-sheathed cables in place," which "have been poisoning the surrounding environment" and placing "individuals who come into contact with the cables and the surrounding environment . . . at a heightened risk of lead exposure." Compl. ¶¶ 8–11.

19. Plaintiff seeks to recover on behalf of itself and also seeks to represent a putative class that includes "all government units in New York State with full legal authority that provide essential services such as public health, law enforcement, and emergency care to their residents," which allegedly "have been exposed to significant health risks" as a result of "Defendants' actions and inaction regarding abandoned lead-sheathed telecommunications cables" in the State of New York. *Id.* ¶ 244. Plaintiff alleges no temporal limitation on its putative class, nor does it identify which Defendants allegedly have abandoned lead-sheathed telecommunications cables in the Town of Wappinger.

20. Plaintiff seeks, on behalf of itself and the proposed putative class, (i) compensatory damages in an amount sufficient to fairly and completely compensate Plaintiff and the class for all alleged damages; (ii) endowment of an abatement fund with sufficient capital to eliminate the alleged public nuisance pursuant to New York law; (iii) an award of punitive damages, treble damages, restitution, penalties, costs of suit, including reasonable attorneys' fees, as provided by law; (iv) an order that Defendants pay Plaintiff and the class recompense and damages, including any alleged damages claimed by contractors or any third-party relating to the sites at issue; (v) funding by Defendants of a medical monitoring program; (vi) abatement for the removal and proper disposal of the lead-sheathed cables in New York and remediation of their environmental impact; (vii) an award of injunctive relief as the Court deems necessary and proper to prevent against future violations of New York law; and (viii) an award to Plaintiff and class members of such further relief as this Court deems just and proper. *Id.* at 91–92.

## BASES FOR REMOVAL

21. The Removing Defendants assert two bases for removal: (1) the Class Action Fairness Act in 28 U.S.C. § 1332(d); and (2) the federal-officer-removal provisions in 28 U.S.C. § 1442. Each basis for removal is independent and sufficient to establish subject-matter jurisdiction over the action.

### *Class Action Fairness Act*

22. The Court has jurisdiction under the Class Action Fairness Act ("CAFA").

23. Congress enacted CAFA to "ensur[e] Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013) (internal quotation marks omitted). In particular, CAFA "expanded the jurisdiction of the federal courts to allow class actions originally filed in state courts that conform to particular requirements to be

removed to federal district courts." *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010).

24. Under CAFA, federal district courts have original jurisdiction over (1) any class action; (2) in which at least one class member is a citizen of a state different from any defendant (*i.e.*, minimal diversity of citizenship); (3) the proposed class consists of at least 100 members; and (4) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6). Defendants may remove class actions originally filed in state court "even if a co-defendant is a citizen of the state in which the action was originally brought and without the consent of the other defendants in the action." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing 28 U.S.C. § 1453(b)).

25. Because CAFA's requirements for this Court's exercise of original jurisdiction are met here, this class action is properly removed under 28 U.S.C. § 1453(b).

26. First, "this action meets CAFA's definition of a 'class action'" because it purportedly was filed under N.Y. CPLR § 901, which is a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 214 (2d Cir. 2013) (quoting 28 U.S.C. § 1332(d)(1)(B)). The Second Circuit has confirmed that class actions filed under N.Y. CPLR § 901 qualify as "class actions" under CAFA. *See Purdue*, 704 F.3d at 216.

27. Second, there is minimal diversity. Based on Plaintiff's allegations, it is a citizen of New York State, *see* Compl. ¶ 31; *supra* ¶ 3, and at least six Defendants, including Metropolitan Fiber Systems of New York, Inc., TC Systems, Inc., XO Communications Services, LLC, MCI Communications Services LLC, MCIMetro Access Transmission Services LLC, and AT&T

7

Enterprises, LLC, are not citizens of New York. *See* Compl. ¶¶ 46-49, 54, 57; *supra* ¶¶ 4, 6–7, 9, 11–12.

28. Third, there is a "reasonable probability" that the proposed class consists of at least 100 members. *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014). Plaintiff seeks to certify a class that includes "all government units in New York State with full legal authority that provide essential services such as public health, law enforcement, and emergency care to their residents," which allegedly "have been exposed to significant health risks" and "suffered ongoing harm and a substantial financial burden on their limited resources, costs and damages incurred due to the Defendants' actions in New York." Compl. ¶ 244.

29. Plaintiff alleges that Defendants installed, maintained, owned, or operated hundreds of miles of lead-sheathed cables throughout the State of New York. *Id.* ¶¶ 143. And there are well over 100 "government units" in New York. So there are at least 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B).

30. Fourth, Plaintiff's allegations demonstrate that the amount in controversy exceeds $5,000,000. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") (citing 28 U.S.C. § 1446(a)).

31. Plaintiff alleges "***widespread pollution*** in the soil and water sources in the communities governed by Plaintiff and Class Members" due to Defendants' alleged "operation, assessment, and disposal of a ***sprawling network*** of toxic lead-sheathed telecommunications cables" throughout the State of New York. Comp. ¶¶ 1, 298 (emphases added). And Plaintiff seeks, on behalf of itself and the proposed putative class, (i) compensatory damages in an amount sufficient to fairly and completely compensate Plaintiff and the class for all alleged damages;

(ii) an abatement fund sufficient to eliminate the alleged public nuisance under New York law; (iii) punitive damages, treble damages, restitution, penalties, and costs of suit (including attorneys' fees); (iv) recompense and damages, including damages claimed by contractors or third parties relating to the sites at issue; (v) a medical monitoring program funded by Defendants; (vi) removal and disposal of the lead-sheathed cables in New York and remediation of any environmental impact; (vii) injunctive relief to prevent future violations of New York law; and (viii) such further relief as deemed just and proper. *Id.* at 91–92.

32. The breadth of Plaintiff's allegations and requested damages—sought on behalf of itself and a putative class of more than 100 other governmental units in New York State—confirms that the amount in controversy exceeds $5,000,000.

### *Federal-Officer Removal*

33. The Court also separately and independently has jurisdiction under 28 U.S.C. § 1442(a), which allows a federal officer and "any person acting under that officer" to remove a "civil action . . . that is commenced in a State court." The federal officer removal statute "must be read broadly." *Agyin v. Razmzan*, 986 F.3d 168, 175 (2d Cir. 2021); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 136 (2d Cir. 2008).

34. To remove a case under Section 1442(a), a defendant must show:

    (i)     it is a "person" within the meaning of the statute;

    (ii)     it "act[ed] under [a federal] officer";

    (iii)     plaintiff's claims arise out of acts the defendant took "under color of [federal] office"; and

    (iv)     it "raise[s] a colorable federal defense."

*Isaacson*, 517 F.3d at 135 (quoting 28 U.S.C. § 1442(a)). All four elements are satisfied by the

Removing Defendants.[1]

35.  First, the Removing Defendants are legal persons for purposes of federal-officer removal. *See id.* ("corporate persons qualify as 'persons' under § 1442").

36.  Second, one or more of the Removing Defendants[2] "acted under" the United States or its officers by "acting pursuant to a contract with the federal government" to "perform[] a job that, in the absence of a contract with a private firm, the Government itself would have had to perform." *Agyin*, 986 F.3d at 175 (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 154 (2007)). The "classic case" of this is when a private contractor "helps the Government to produce an item that it need[s]." *Id.* (quoting *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016)).

37.  Here, one or more of the Removing Defendants "acted under" the United States or its officers based on direction from the Department of Defense (or other federal government agencies) to install telecommunications cables at, and connecting to, military bases and other federal government facilities and properties nationwide, including in New York.

38.  One or more of the Removing Defendants also "acted under" the direction of federal officers and agencies with respect to the specification, design, implementation, and management of their long-distance networks in support of civil defense and military communications systems.

---

[1] "A single federal officer defendant may remove an entire action." *Gordon v. Air & Liquid Sys. Corp.*, 990 F. Supp. 2d 311, 314 n.1 (E.D.N.Y. 2014) (citing *Bradford v. Harding*, 284 F.2d 307, 309–10 (2d Cir. 1960)); *In re "Agent Orange" Prod. Liab. Litig.*, 304 F. Supp. 2d 442, 446 (E.D.N.Y. 2004) (same)) (citing *Falls Riverway Realty v. City of Niagara Falls,* 754 F.2d 49, 52 (2d Cir. 1985))).

[2] For purposes of this section titled "Federal Officer Removal," the term "Removing Defendants" includes their corporate families and predecessors.

39.     Third, Plaintiff's claims "arise[] out of" alleged acts taken by one or more Removing Defendant "under color of federal authority," as opposed to acts "not justified by [their] federal duty." *See Isaacson*, 517 F.3d at 137. Plaintiff's allegations cover one or more of the Removing Defendants' installation and maintenance of government owned or leased telephone systems and implementation of civil-defense measures in their long-distance system—all of which was performed under federal direction and specification. Plaintiff alleges harm from lead-sheathed telecommunications cables that were installed as part of that installation, maintenance, and implementation. *See* Compl., Prayer for Relief.

40.     Fourth, the federal defense here is "colorable"—which requires only that it be "sufficient to 'assure the federal court that it has jurisdiction to adjudicate the case'" without any "fact-intensive motion practice, pre-discovery." *Cuomo*, 771 F.3d at 115–16 ("a defendant seeking removal need not 'virtually . . . win [its] case,' . . . nor must [its] defense even be 'clearly sustainable' on the facts.") (quoting *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006), *Isaacson*, 517 F.3d at 139, and *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999)); *see also Nesbiet v. Gen. Elec. Co.*, 399 F. Supp. 2d 205, 211 (S.D.N.Y. 2005).

41.     The Removing Defendants have a colorable defense under both *Boyle v. United Technologies*, 487 U.S. 500 (1988), and *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 20 (1940). Under these cases, the installation of lead-sheathed telecommunications cables under the direction and specification of the government precludes liability. In addition, the design and installation of infrastructure-hardening measures for civilian and military long-distance networks at the government's direction, to meet civil-defense needs, similarly bars liability.

42.     *Boyle*. In *Boyle*, the Supreme Court explained that the government-contractor defense applies when:

>   (i)   the government approved "reasonably precise" specifications;
>
>   (ii)  the contractor "conformed to those specifications"; and
>
>   (iii) the contractor warned the government of dangers "that were known to [it] but not to the United States."

*Boyle*, 487 U.S. at 512.  The first two requirements "assure that the design feature in question was considered by a Government officer, and not merely by the contractor itself."  *Id.*  Before 1965, the Department of Defense and other federal agencies required lead sheathing on telecommunications cables, particularly those to be installed underground, and detailed the purity, thickness, and diameter of the lead sheathing required.  Under the direction of the Department of Defense, for instance, one or more of the Removing Defendants installed trunk line facilities to connect to military facilities and provided additional specialized services for the installation, alteration, and repair of Department of Defense owned and leased telephone systems.

43. For example, before, during, and after World War II, the Army Signal Corps expressly requested that one or more of the Removing Defendants provide telephone equipment and services to at least the following facilities:  Camp Upton (Suffolk County), Mitchel Field (Nassau County), LaGuardia Field (Queens County), Fort Drum/Pine Camp (Jefferson County), Griffis Air Force Base (Oneida County), Hancock Field (Onondaga County), the Watertown Arsenal (Jefferson County), Stewart Air Force Base (Orange County), Governors Island (New York County), Fort Totten (Richmond County), West Point (Ulster County), and the Vanderbilt Mansion (Dutchess County).

44. The federal military specifications in effect at the time required lead-sheathed cable to be used to provide these services.  Thus, to the extent Plaintiff's claims are based upon the presence of lead in telecommunications cables, and one or more of the Removing Defendants installed such cables at the direction of the Department of Defense or another federal agency and

12

in accordance with government specifications, the government-contractor defense precludes liability.

45. *Yearsley*. Under *Yearsley*, a contractor has derivative sovereign immunity when it performs work that is:

(i) "authorized and directed by the Government"; and

(ii) "performed pursuant to [an] Act of Congress."

309 U.S. at 20. One or more of the Removing Defendants installed lead-sheathed telecommunications cables at the direction of and under specifications provided by the federal government. These installations were expressly authorized by congressional appropriations. In addition, one or more of the Removing Defendants performed activities to support federal civil-defense programs and military-communications networks—including the Army Full Period Telephone Network, and Air Force Semi-Autonomous Ground Environment (SAGE) systems—that were authorized and directed by the government and performed pursuant to Congressional appropriations.

46. Plaintiff's attempt to plead around section 1442(a)'s federal-officer removal, *see* Compl. ¶ 20, is ineffective because Plaintiff cannot disclaim jurisdiction, and the disclaimer fails to "carve[] out certain factual bases, whether by time span or location, such that any alleged injury could not have happened under the direction of a federal officer." *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 187 (1st Cir. 2024) (quoting *Hawai'i ex rel. Lopez v. CaremarkPCS Health, L.L.C.*, 2024 WL 1907396, at *11 (D. Haw. May 1, 2024)); *see also Despres v. Ampco-Pittsburgh Corp.*, 577 F. Supp. 2d 604, 607–08 (D. Conn. 2008) (disclaimer failed to preclude removal because it did not exclude all injuries arising from work performed for the federal government).

47. Removal is permissible because evaluating the Removing Defendants' federal defenses "turns on the core question of whether a defendant's alleged [unlawful behavior] was required or caused by their relationship with the federal government." *Express Scripts*, 119 F.4th at 187 (quoting *Healthcare Venture Partners, LLC v. Anthem Blue Cross & Blue Shield*, 2021 WL 5194662, at *7 (S.D. Ohio Nov. 8, 2021)). And without removal, answering that question would impermissibly require "federal contractors to prove in state court that they were acting under the direction of the government." *Id.* at 187–88; *see also McMann v. Air & Liquid Sys. Corp.*, 2014 WL 1794694, at *2 (W.D. Wash. May 6, 2014) (once a defendant satisfies its "burden of proving the propriety of removal under § 1442(a)(1), Congress has assured [it] the right to have [its] federal defenses tried in a federal forum"). Plaintiff's artful pleading is therefore insufficient to defeat removal. *Express Scripts*, 119 F.4th at 187–88; *see also Machnik v. Buffalo Pumps Inc.*, 506 F. Supp. 2d 99, 103 n.1 (D. Conn. 2007) ("artful pleading around any federal claims cannot defeat subject matter jurisdiction").

48. Plaintiff's attempt to plead around federal-officer removal also fails because Plaintiff has no authority to bind members of the proposed class prior to class certification. *See Knowles*, 568 U.S. at 592–94. Because Plaintiff "lack[s] the authority to concede" claims based on the Removing Defendants' work for the federal government, its attempted waiver cannot prevent federal-officer removal. *See id.* at 593.

### SERVICE OF NOTICE

49. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being served on all adverse parties and filed with the Supreme Court of the State of New York, County of New York, where this case was originally filed. The notice in the state action will be in the form of the Notice of Filing of Notice of Removal, attached as Exhibit C.

## **STATE COURT PLEADINGS PROVIDED**

50.     Pursuant to 28 U.S.C. § 1446(a), Removing Defendants attach here as Exhibit B a copy of the Summons and as Exhibit A a copy of the Class Action Complaint, the only process, pleading, or order thus far served in the state court action.

## **VENUE**

51.     This is the appropriate venue for removal because the state court in which the action was commenced, the Supreme Court of the State of New York, County of New York, is located within the Southern District of New York.  *See* 28 U.S.C. § 1446(a).

## **RESERVATION**

52.     Nothing in this notice shall be interpreted as a waiver or relinquishment of any right to assert any and all defenses or objections to Plaintiff's Class Action Complaint, including but not limited to Plaintiff's standing, prayer for relief, and class allegations.  Removing Defendants deny that the claims in the Class Action Complaint have merit.  Removing Defendants further submit this Notice of Removal without waiving and expressly preserving their right to challenge personal jurisdiction in this action.

## **CONCLUSION**

53.     For these reasons, this Court has jurisdiction over this action and removal is proper.

DATED: December 6, 2024                              Respectfully submitted,

                                                     By: /s/ *Devora W. Allon*

                                                     Devora W. Allon
                                                     New York State Bar No. 4693032
                                                     Email: devora.allon@kirkland.com
                                                     Christopher Fernandez
                                                     New York State Bar No. 5823612
                                                     Email: christopher.fernandez@kirkland.com
                                                     **KIRKLAND & ELLIS LLP**
                                                     601 Lexington Avenue
                                                     New York, NY 10022
                                                     Telephone: (212) 446-4800

                                                     Hariklia Karis (*pro hac vice forthcoming*)
                                                     Email: hkaris@kirkland.com
                                                     Robert B. Ellis (*pro hac vice forthcoming*)
                                                     Email: rellis@kirkland.com
                                                     Mark J. Nomellini (*pro hac vice forthcoming*)
                                                     Email: mnomellini@kirkland.com
                                                     **KIRKLAND & ELLIS LLP**
                                                     333 W. Wolf Point
                                                     Chicago, IL 60654
                                                     Telephone: (312) 862-2000

                                                     Jon David Kelley (*pro hac vice forthcoming*)
                                                     Email: jon.kelley@kirkland.com
                                                     **KIRKLAND & ELLIS LLP**
                                                     4550 Travis Street
                                                     Dallas, TX 75205

                                                     *Attorneys for the AT&T Defendants*


DATED: December 6, 2024                              By: /s/ *Jennifer L. Del Medico*

                                                     Jennifer L. Del Medico
                                                     New York State Bar No. 4422770
                                                     Email: jdelmedico@jonesday.com
                                                     **JONES DAY**
                                                     250 Vesey Street
                                                     New York, New York 10281
                                                     Telephone: (212) 326-3939

                                                     *Attorneys for Verizon Defendants*

16

DATED:  December 6, 2024	By: /s/  *Stacey H. Mitchell*

    Stacey H. Mitchell
    New York State Bar No. 2723773
    Email: shmitchell@akingump.com
    David H. Quigley
    New York State Bar No. 4004800
    Email: dquigley@akingump.com
    **AKIN GUMP STRAUSS HAUER & FELD LLP**
    2001 K Street, N.W.
    Washington, DC 20006-1037
    Telephone: (202) 887-4000

    *Attorneys for Consolidated Defendants*

DATED:  December 6, 2024	By: /s/  *Richard S. Krumholz*

    Richard S. Krumholz
    New York State Bar No. 4870192
    Email: richard.krumholz@nortonrosefulbright.com
    James V. Leito IV (*pro hac vice forthcoming*)
    Email: james.leito@nortonrosefulbright.com
    **NORTON ROSE FULBRIGHT US LLP**
    2200 Ross Avenue, Suite 3600
    Dallas, Texas 75201-7932
    Telephone: (214) 855-8000

    Sean M. Topping
    New York State Bar No. 5486113
    Email: sean.topping@nortonrosefulbright.com
    **NORTON ROSE FULBRIGHT US LLP**
    1301 Avenue of the Americas
    New York, New York 10019
    Telephone: (212) 318-3342

    *Attorneys for Windstream*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, I served a copy of the foregoing Notice of Removal by depositing a copy in the United States mail in a properly addressed envelope with adequate postage thereon addressed to the following:

| | |
|---|---|
| Hunter J. Shkolnik<br>Paul J. Napoli<br>Nestor D. Galarza<br>**NS PR LAW SERVICES**<br>1302 Avenida Ponce de Leon<br>Santurce, PR 00907<br>Telephone: (787) 493-5088<br>Facsimile: (646) 843-7603<br>Email: Hunter@nsprlaw.com<br>Email: PNapoli@nsprlaw.com<br>Email: NGalarza@ nsprlaw.com | *Attorneys for Plaintiff* |
| Salvatore C. Badala<br>**NAPOLI SHKOLNIK, PLLC**<br>400 Broadhollow Road, Suite 305<br>Melville, NY 11747<br>Telephone: (212) 397-1000<br>SBadala@napolilaw.com | *Attorney for Plaintiff* |
| Shayna E. Sacks<br>**NAPOLI SHKOLNIK, PLLC**<br>360 Lexington Avenue, 11xth Floor<br>New York, NY 10017<br>Telephone: (212) 397-1000<br>SSacks@napolilaw.com | *Attorney for Plaintiff* |

DATED:  December 6, 2024              /s/  *Christopher X. Fernandez*
                                       Christopher X. Fernandez